AMENDED APPELLANT'S BRIEF
August 21, 2015

F I L E D
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

AUG 24 2015

CECILE FOY GSANGER, CLERK
BY

Cause Number: 13-14-00606-CV

In the 13th Court of Appeal at the Hidalgo County Administration Building 100 E. Cano 5th Floor Edinburg, TX 78539

Cristina Castaneda V. Dannette Zuniga

Original proceeding from Hidalgo County Court 2 Honorable Judge Jaime Palacios presiding

Appellant's brief on the merits

**ORAL ARGUMENT REQUESTED**

Cristina Castaneda
1405 Grouse Ave.
Donna, Texas 78537
956-534-7942
ccastaneda0227@gmail.com
Pro Se Litigant

RECEIVED

AUG 2 4 2015

13TH COURT OF APPEALS

## Identities of Parties and Counsel

Pursuant to Texas Rule of Appellate Procedure 38.1(a) Appellant presents the following list of all parties and name and addresses of its counsel.

Appellant:

Cristina Castaneda
1405 Grouse Ave.
Donna, TX 78537
Telephone: 956-534-7942
ccastaneda0227@gmail.com
*Pro se*

Respondent:

The Honorable Judge Jaime Palacios
Hidalgo County Court 2
100 N. Closner 3rd Floor
Edinburg, TX 78539

Appellee:
Dannette Zuniga
3729 Frio Ave.
McAllen, TX 78504
*Pro se*

1

Pursuant to Texas Rule of Appellate Procedure 38.1(b) Appellant presents the following table of contents

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL _____ 1
TABLE OF CONTENTS_____ 2
INDEX OF AUTHORITIES_____ 3
STATEMENT OF CASE_____ 4
ANY STATEMENT REGARDING ORAL ARGUMENT_____ 5
ISSUES PRESENTED_____ 6
STATEMENT OF THE FACTS_____ 7
SUMMARY OF ARGUMENT _____ 8
ARGUMENT_____ 9-10
PRAYER_____ 11
APPENDIX _____ 12
SPECIAL ATTACHEMENTS CONTRACT_____ 13-15
LAST NOTIFICATION OF ADJUSTMENT SEC. 8_____ 16
LETTER REGARDING SPECIAL INSPECTION_____ 17
LETTER 30 DAY NOTICE_____ 18
SPECIAL INSPECTIONS FAILED STATUS_____ 19-21
ORDER DENYING NEW TRIAL _____ 22
ORDER OF EVICTION AND POSTMARKED_____ 23
LETTER FROM MHA JUNE'S RENT_____ 24-25

Pursuant to Texas Rule of Appellate Procedure 38.1(c) Appellant presents the following index of authorities

## INDEX OF AUTHORITIES

**CASES:**

EDWARDS V. HABIB

ANTHONY AWEKKA V. JOHN BONDS

COLLIERY CO. V. FOUT

**STATUES:**

24C.F.R. 982.310(B) NON-PAYMENT OF RENT BY PHA IS NOT GROUNDS FOR TERMINATION OF LEASE

24C.F.R. 982.453 OWNER BREACH OF CONTRACT RESULTS IN PENALTIES CONTRACT AUTOMATICALLY 180 DAYS FROM LAST ASSISTANCE CHECK

24C.F.R. 982.310(D) (2) RENOVATIONS NO GOOD CAUSE FOR EVICTION

PROPERTY CODE TITLE 8 SEC. 92.052 (a) DILIGENT EFFORT TO REPAIR OR REMEDY

PROPERTY CODE TITLE 8 SEC. 92.053 (b) BURDEN OF PROOF DILIGENT EFFORT WAS MADE TO REPAIR

SUBSIDY LAWS SEC.8-11.G OWNER MUST NOT SEEK PAYMENT FOR AMOUNT ABATED NOR USE AS CAUSE FOR EVICTION

TEXAS PROPERTY CODE 92-331 RETALIATION PROHIBITED FOR SIX MONTHS

TRCP 509.6(A) FAILURE TO REMEEDY

TRCP 509.9 WRITS ARE NEEDED FOR REMOVAL OF PERSONS AND PROPERTIES

Pursuant to Texas Rule of Appellate Procedure 38.1(d) Appellant presents the following statement of the case

## STATEMENT OF THE CASE

**PROCEDUAL BACKGROUND:**
APPEALED JUSTICE OF THE PEACE CHARLIE EZPINOZA RULING FOR PLAINTIFF
HEARING COUNTY COURT 2 JUDGE JAIME PALACIOS ON SEPTEMBER 2, 2014 RULED IN FAVOR OF THE PLAINTIFF IN THE AMOUNT OF THREE MONTHS RENT AND ORDER TO VACATE BY SEPTEMBER 6, 2015 WHICH WAS SIGHNED AND MAILED SEPTEMBER 5, 2014 AND WAS STAMPED POST MARKED SEPTEMBER 8, 2014
APPEALED HIS JUDGMENT AND REQUESTED MOTION FOR A NEW TRIAL SUBMITTED NEW EVIDENCE FROM LEGAL AID, MCALLEN POLICE DEPT. AND MCALLEN HOUSING AUTHORITY AND WAS DENIED NEW TRAIL

**NATURE OF THE CASE:**
PLAINTIFF DANNETTE ZUNIGA BROUGHT A CIVIL SUIT DUE TO CONSTRUCTION AND NON-PAID RENT ON JUNE 3, 2014. ORIGINAL CONTRACT STATES THAT THERE IS A 10 DAY GRACE TO PAY RENT. PLAINTIFF BRETCHED CONTRACT BY FILING SUIT BEFORE THE 10TH AS STATED IN THE CONRACT. PLAINTIFF ALSO FAILED TO MAKE ACCOMIDATIONS OR REPAIRS THAT HAD BEEN REQUSTED IN WRITTING APRIL 30. THE MONTH OF MAY WAS THE LAST ASSISTANCE CHECK ISSUED DUE TO NON-COMPLIANCE. PLAINTIFF FAILED TO PROPERLY FILL OUT THE SUBSIDIZED HOUSING PORTION OF THE PETITION WHICH WOULD HAVE SHOWN MY PORTION ($0.00) OF THE RENT AS OF MAY. HOUSING WAS IN CHARGE OF ALL RENT DUE OR ABATED DUE TO NONCOMPLIANCE IN REPAIRS OF THE UNIT ON APRIL 30, 2014. PLANTIFF RECEIVED RENT FOR MAY AND CHOOSE TO REPAIR THE ROOF AND FAILED TO REPAIR THE FAILED STATUS UNDER HOUSING AUTHORITY. ON SEPTEMBER 7, 2014 THE PLAINTIFF REMOVED THE DEFENDANTS PROPERTY WITH OUT A WRIT OF EVICTION KNOWING THAT AN APPEAL WOULD BE FILED.

4

Pursuant to Texas Rule of Appellate Procedure 38.1(e) Appellant presents the following statement of oral argument

## STATEMENT OF ORAL ARGUMENT:

TEXAS LAWS AND RULES WERE DISREGARDED BY THE PLANTIFF, JUDGES AND HOUSING AUTHORITIES.

PLAINTIFF WAS OBLIGATED TO THE ORIGINAL CONTRACT AND FAILED TO UPHOLD THE CONTRACT. PLAINTIFF ALLEGEDLY RELEASED THE DEFENDANT OF THE CONTRACT SO THAT THE DEFENDANT COULD MOVE INTO A SUITABLE DWELLING UNIT WITHOUT ANY REPAIRS TO THE FAILED UNIT. (TRCP 509.6(A) FAILURE TO REMEEDY) WHEN RENT WAS NOT PAID PLAINTIFF DECIDED TO FILE SUIT TO COLLECT RENT THAT THE MCALLEN HOUSING AUTHORITY CLAIMED TO ABATE TILL REPAIRS OR ACCOMIDATIONS WERE MADE. (SUBSIDY LAWS SEC.8-11.G OWNER MUST NOT SEEK PAYMENT FOR AMOUNT ABATED NOR USE AS CAUSE FOR EVICTION)

NOTIFICATIONS AND PROPER PAPERWORK IS STILL PENDING BY McALLEN HOUSING AUTHORITY. A CASE HAS BEEN OPEN BY THE FAIR HOUSING AUTHORITY AGAINST THE McALLEN HOUSING AUTHORITY AS WELL AS THE HUD DUE TO THESE ACTIONS.

Pursuant to Texas Rule of Appellate Procedure 38.1(f) Appellant presents the following issues presented

## ISSUES PRESENTED

DID THE TRIAL COURT ERR IN EXCLUDING CRITICAL EVIDENCE PRESENTED AT THE TIME?

IS THERE FACTUALLY SUFFICIENT EVIDENCE TO SUPPORT THE JUDGEMENT OF THE TRIAL COURTS?

DID THE TRIAL COURT ERR IN NOT GIVING SUFFICIENT NOTICE OF THE ORDER?

THE LANDLORD ISSUED A 30 DAY NOTICE WITHOUT GOOD CAUSE.
DURING THE INITIAL TERM GOOD CAUSE HAS TO BE SOMETHING THE FAMILY DID OR FAIL TO DO. (24 C.F.R. 982.310(D) (2))
JUDGE PALACIOS ORDERED THAT THE DEFENDANT MOVE OUT BY SEPTEMBER 6, 2014 AND ISSUED THE PLATIFF DANNETTE ZUNIGA PAPERWORK TO PREPARE AN ORDER ON SEPTEMBER 2, 2014. THE SIGHNED ORDER WAS MAILED OUT TO DEFFENDANT ON THE 5TH OF SEPTEMBER AND WAS NOT RECEIVED TILL SEPTEMBER 8, 2014. PROPER NOTICE WAS NOT GIVEN TO DEFENDANT AND THE ORDER SHOULD BE VOID. PLAINTIFF USED THE ORDER TO REMOVAL OF ALL PROPERTY ON SEPTEMBER 7, 2014 AND REMOVAL OF ALL OCCUPANTS ON SEPTEMBER 10, 2014 BY THE MCALLEN POLICE DEPT. AND WAS DONE WITHOUT A WRIT. (TRCP 509.9 WRITS ARE NEEDED FOR REMOVAL OF PERSONS AND PROPERTIES)

Pursuant to Texas Rule of Appellate Procedure 38.1(g) Appellant presents the following statement of the facts

## STATEMENT OF FACTS

ON APRIL 30, 2014 SPECIAL INSPECTION PROPERTY FAILED HUD REGULATIONS
ON MAY 1, 2014 NOTICE TO VACATE DUE TO CONSTRUCTION
ON JUNE 3, 2014 FILE SUITE IN JUSTICE OF PEACE CHARLIE ESPINOZA
ON JUNE 16, 2014 ORDER TO PAY $625 AND $111 IN COURT COSTS
ON SEPTEMBER 2, 2014 COUNTY COURT 2 JUDGE JAIME PALACIOS HEARD THE LAWS REGARDING REPAIRS THAT WAS PRESENTED BY THE DEFENSE. ORDER IN FAVOR OF THE PLAINTIFF AND DEFENDANT RECIEVED ORDER ON SEPTEMBER 8, 2014 TO FILE AN APPEAL.
ON SEPTEMBER 5, 2014 THE ORDER WAS SIGNED AT 3:12PM ORDERING ALL OCCUPANTS TO VACATE PROPERTY 3709 FRIO AVE. MCALLEN TX 78504 AND RENT OWED OF $1250.00
ON SEPTEMBER 7, 2014 PLAINTIFF DANNETTE ZUNIGA REMOVED PERSONAL PROPERTY WITHOUT A WRIT.
ON SETEMBER 10, 2014 PLAINTIFF REMOVED ALL OCCUPANTS WITHOUT A WRIT
ON SEPTEMBER 12, 2014 FINAL JUDGEMENT WAS SIGHNED BY JUDGE JAIME PALACIOS
MOTION FOR A NEW TRIAL HEARING NOVEMBER 17, 2014 SUBMITTED EXHIBITS 1-6 DENIED A NEW TRIAL INLIGHT OF THE NEW EVIDENCE

Pursuant to Texas Rule of Appellate Procedure 38.1(h) Appellant presents the following summary of the argument

## SUMMARY OF THE ARGUMENT

PLAINTIFF IS HOLDING DEFENDANT TO THE ORIGINAL CONTRACT. IN ACCORDANCE TO THE CONTRACT SUIT WILL ONLY BE FILED AFTER THE 10TH FOR UNPAID RENT. (ORIGINAL CONTRACT P.2 EVICTION NOTICE) THE 30 DAY NOTICE THAT WAS GIVEN WAS DUE TO CONSTRUCTION, (24 C.F.R. 982.310(D) (2) STATES RENOVATIONS ARE NO GOOD CAUSE FOR EVICTION.) PLAINTIFF FAILED TO REEMEDY THE FAILED INSPECTION. (TRCP 509.6(A) FAILURE TO REMEEDY) PLAINTIFF WAS GIVEN ALL OF MAY TO COMPLY WITH HOUSING REGULATIONS INSTEAD PLAINTIFF COMPLETED THE CONSTRUTION ON THE ROOF BY THE 2ND WEEK OF MAY AND REFUSED TO MAKE REEMEDIES TO REPAIRS TO COMPLY THE CONTRACT REGARDING ACCOMIDATIONS, OR WITH MCALLEN HOUSING AUTHORITY'S STANDARDS. DUE TO THE BRECH IN CONTRACT DEFENDANT WAS FORCED TO FIND A SUITABLE DWELLING UNIT FOR THE HEALTH AND WELLBEING OF ALL OCCUPANTS. PLAINTIFF ALSO REFUSED TO RETURN THE SECURITY DEPOSIT WHICH WOULD HAVE HELPED THE DEFENDANT TO MOVE OUT PRIOR TO THE PROCEEDINGS. (TEXAS PROPERTY CODE 92-331 RETALIATION PROHIBITED FOR SIX MONTHS)

Pursuant to Texas Rule of Appellate Procedure 38.1(i) Appellant present(s) the following argument

## ARGUMENT

PLAINTIFF DANNETTE ZUNIGA HAS NOT COMPLIED WITH THE CONTRACT SIGHNED IN JANUARY. ON APRIL 30, 2014 MCALLEN HOUSING AUTHORITY FAILED A SPECIAL INSPECTION AND PAID THE FULL RENT FOR MAY. PLAINTIFF ONLY FIXED THE CONSTRUCTION ON THE ROOF BUT FAILED TO REEMEDY OR REPAIR THE REQUEST DONE BY THE HOUSING INSPECTION. (TRCP 509.6(A) FAILURE TO REMEEDY) ON MAY 1, 2014 PLAINTIFF GAVE 30 DAY NOTICE DUE TO CONSTRUCTION. (24 C.F.R. 982.310(D) (2) RENOVATIONS NO GOOD CAUSE FOR EVICTION)

ON JUNE 1, 2014 RENT WAS NOT PAID BY THE MCALLEN HOUSING AUTHOEITY, (24 C.F.R. 982.453 OWNER BREACH OF THE CONTRACT RESULTING PENALTIES) AND PLAINTIFF FILLED A CIVIL SUIT ON JUNE 3, 2014. (SUBSIDY LAWS SEC.8-11.G OWNER MUST NOT SEEK PAYMENT FOR AMOUNT ABATED NOR USE AS CAUSE FOR EVICTION) THE ORIGINAL CONTRACT CLEARLY STATES THAT A TEN DAY GRACE WOULD BE GIVEN WHEN RENT IS NOT PAID. IN ACCORDACE WITH THE CONTRACT SUIT SHOULD NOT HAVE BEEN FILLED AFTER JUNE 10, 2014. (ORIGINAL CONTRACT EVICTIONS P2) ON JUNE 17TH THE DEFENDANT REFUSED TO ACCEPT PAYMENT FROM HOUSING AND INSISTED ON GOING FORTH WITH THE EVICTION. AFTER THE J.P. COURT'S CHARLIE ESPINOZA'S RULING THE DEFENDANT INFORMED THE HOUSING AUTHORITY OF THE EVICTION ORDER WHICH PUT A STOP TO JUNE'S RENT. FURTHER MORE, PLAINTIFF SHOULD NOT PENALIZE DEFENDANT FOR THE PORTION OF RENT KEPT BY MCALLEN HOUSING AUTHORITY DUE TO FAILED INSPECTION. (SUBSIDY LAWS SEC.8-11.G OWNER MUST NOT SEEK PAYMENT FOR AMOUNT ABATED NOR USE AS CAUSE FOR EVICTION)

ON SEPTEMBER 2, 2014 JUDGE JAIME PALACIOS RULED IN FAVOR OF THE PLAINTIFF FOR THREE MONTHS RENT AND ORDERED TO VACATE BY SEPTEMBER 6, 2014. UPON IS RULING JUDGE PALACIOS GAVE THE PLAINTIFF THE RULING SO THAT

AN ORDER COULD BE FILED AND WHEN DEFENDANT ASKED FOR THE SAME RULING SO THAT AN APPEAL COULD BE MADE JUDGE PALACIOS EXPLAINED TO GO TO THE LAW LIBRARY. THE ORDER WHICH WAS SIGHNED ON SEPTEMBER 5, 2014 WAS MAILED AND POSTMARKED SEPTEMBER 8, 2014. PLAINTIFF REMOVED ALL PROPERTY WITH OUT ANY NOTIFICATION OR ORDER OF WRIT ON SEPTEMBER 7, 2014. ON SEPTEMBER 10, 2014 DEFENDANT WENT TO RECOVER PROPERTY THAT WAS THROWN OUTSIDE AND TO MAKE A REPORT OF THE MISSING PROPERTY WHEN PLAINTIFF SHOWED UP AT THE DWELLING UNIT TO HAVE THE DEFENDANT REMOVED FROM THE PROPERTY BY THE POLICE OFFICER WITHOUT RECOVERING ANY PROPERTY. (TRCP 509.9 WRITS ARE NEEDED FOR REMOVAL OF PERSONS AND PROPERTIES)

DUE TO THE DEFENDANT'S SANITATION COMPLAINT THAT THE LANDLORD NOT ONLY FAILED TO CORRECT BUT PLAINTIFF RETALIATED AGAINST THE TENANTS BY GIVING A 30 DAY NOTICE TO VACATE DUE TO CONSTRUCTION. (EDWARD VS. HABIB), (TEXAS PROPERTY CODE 92-331 RETALIATION PROHIBITED FOR SIX MONTHS) THE TRIAL COURT'S DECISION DISREGARDED THE LAWS THAT ARE SET FORTH TO PROTECT THE TENANT. (SUBSIDY LAWS SEC.8-11.G OWNER MUST NOT SEEK PAYMENT FOR AMOUNT ABATED NOR USE AS CAUSE FOR EVICTION) BASED UPON THE EVIDENCE THE JUDGMENT SHOULD BE OVERTURNED AND THE CASE DISMISSED.

Pursuant to Texas Rule of Appellate Procedure 38.1(j) Appellant presents the following prayer

## PRAYER

APPELLANT IS REQUESTING THAT THE CASE BE DISMISSED AND THAT THE PLAINTIFF RETURN THE SECURITY DEPOSIT AND PAY FOR PROPERTY THAT WAS REMOVED BY THE PLAINTIFF, (TRCP 509.9 WRITS ARE NEEDED FOR REMOVAL OF PERSONS AND PROPERTIES) AND ANY OTHER RELIEF THAT THE COURTS DEEM FIT (TRCP 509.6(2) (D) (E) AWARD TENANTS DAMAGES AND COURT FEES)

11

Pursuant to Texas Rule of Appellate Procedure 38.1(k) Appellant presents the following appendix in civil cases

# APPENDIX

**ATTACHMENTS:**

LETTER 30 DAY NOTICE

LETTER FROM VIRGINIA CHAVEZ EXECUTIVE DIRECTOR AT THE MCALLEN HOUSING AUTHORITY DATED JULY 2, 2014 REGARDING SPECIAL INSPECTIONS ON APRIL 30, 2014

MCALLEN HOUSING AUTHORITY SPECIAL INSPECTIONS FAILED

NOTIFICATION OF ADJUSTMENT TO THE SEC. 8 CONTRACT DATED 4/24/2014 EFFECTIVE 5/1/2014

ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL

ORDER OF EVICTION AND POST MARK

ORIGINAL CONTRACT REGARDING 10 DAY GRACE BEFORE EVICTION PROCEEDINGS

# Contract for House
## 3709 Frio Ave McAllen TX 78504

1. Owner Information
2. Name: Dannette Zuniga
3. Address: 3729 Frio Ave McAllen TX 78504
4. Phone Number: Cell: 956-451-2265
5. Address of Home for Rent: 3709 Frio McAllen TX 78504
6. Number of Bedrooms: 3 (three) Bathrooms: 1 (one)
7. Does house have fire detectors? Yes, 2(two) of them
8. Is the house insured? No
9. Does house have a refrigerator? NO
10. Dose house have a stove? NO
11. Does house have a washer/dryer? NO
12. Renter will pay: Electricity/Water and yard maintenance
13. Monthly rent charge for house is **$625.00** due on the 1st of each month Mobile Home will be rented for 1yr
14. Renter information: (Head of household)
Name: Cristina Castaneda
Driver License: 08906907
SS#: 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 Employed: IPH
Phone Number: (956) 971-9732
15. Names of other persons that will be living in the house
Name: Jodie Rocha "Husband"

1. Leyna Castaneda
2. Alexa S. Castaneda
3. Zara E. Castaneda
4. Jodie Rocha JR>

Owner has the right to inspect the home when she/he feels necessary with 24 hrs given notice. The first 6 months the owner has the right to inspect the home one's the rent has been collected. A deposit of **$500.00** is required to move in the house unless other arrangements have been made. If pets are in the house there will be an additional **$200** deposit that deposit will not be **REFUNDABLE.** If rent is not collected on due date, a **$10.00** daily charge will apply. Deposit will not be returned if renter vacates the house prior to contract expiration. This house will be renter for 12-month commitment. If you do not desire to renew a contract, a 30-day notice

12

is required **prior** to expiration of the contract. Deposit will be returned if house is in good condition and no damages have been made and all bills are cleared. Failure to do so may result in eviction and legal action.

**Please Note:** If the Home is damaged beyond normal wear and tear, and assessment of the repairs will be made the deposit will be used for the repairs. **Not responsible for items inside the house as a result of fire or theft.**

**EVICTION NOTICE:** Will be posted if rent is more than 10 days past due. I am not responsible for items left behind after vacates the house. These items will be discarded after 30 days. The 30-day count starts the day you no longer desire to renew your contract.

## SIMPLE HOUSE RULES

**PLEASE:**

**DO NOT:** Change any lock on the premises without written permission.

**DO NOT:** Bring more people to live at the house other than those listed on the contract. If this is planned, we need written notice and a revision of the contract will need to be made.

**DO NOT:** Paint walls a different color than what they originally are. If this is done, original color will need to be painter prior to vacating the house.

**DO NOT:** Bring pets to live in the house. Pets are allowed outside the house.

**REQUIREMENTS:**

**You are required to:** Give a 30-day written notice to landlord if you do not desire to renew contract. Failure to do this will result in eviction, rent charges, legal charges and late fees.

**You are required to:** Notify landlord about broken faucets, gauges, or water heater problems. We are **Not Responsible** for broken items in or outside the trailer home. You will be RESPONSIBLE to fix those damages.

**You are required to:** Keep property maintained (Grass mowed and premises free of brush and debris) A $50.00 charge will apply every time we have to hire someone to mow grass for you. This service is not included in the contract.

## FINE PRINT:

A 30-day written notice will be given to you if we decide not to renew your lease. Rent for this house is due the ___ day of every month. This house is renter on a month-to-month basis and 12 ✓ month contract is required. If we decide to leave in the middle of the month after rent remaining days. Deposit will not be returned if you vacate the house prior to the expiration of a contract. We are not responsible for fire or theft.

## I HAVE READ AND AGREE TO THE ABOVE RULES.

Tenant Name (print) Cristina Castaneda  Signature: _Cristina Casta_

Landlord Name (print) Dannette N. Zuñiga  Signature: _Dannett N. Zuñeja_

Date:

## REFERENCES

**Name:** Noemi V. Castaneda
**Address:** 2021 Robin Ave. McAllen TX 78504
**Telephone:** (956) 563-3150

**Name:** Alma J. Allen
**Address:** 1612 W Quail Ave. McAllen TX 78504
**Telephone:** (956) 429-9566

**Name:** Racheal Villareal
**Address:** 218 S 26½ St. McAllen TX 78501
**Telephone:** (956) 648-6304

15

McAllen Housing Authority
2301 Jasmine Avenue
McAllen, TX 78501

04/24/2014

Cristina Castaneda
3709 Frio Ave

McAllen, TX 78504-

RE: Notification of Adjustments to the Section 8 Contract

Attention: Cristina Castaneda

Your Section 8 Contract has been modified due to an annual or interim recertification. The provisions of the contract not changed by this notice shall remain in effect. These Changes will take effect on 05/01/2014. The following actions are required to complete the modifications to the contract:

_____ Please come to the office to sign documentation.

_____ Please call the office.

_____ No action is required.

__X__ Other _Reported husband's income_
_less income._

All change must be reported to the office within 10 days.

Thank you for your cooperation.

Sincerely,

Alma Guerrero, S8 Caseworker

4/24/14

| Changes to the Section 8 Contract | | |
|---|---|---|
| | Old Amount | New Amount |
| Housing assistance payment: | 602.00 | 625.00 |
| Tenant payment to Owner: | 23.00 | 0.00 |
| Contract rent to owner: | 625.00 | 625.00 |
| Utility Payment to Tenant: | 0.00 | 100.00 |

Landlord: Zuniga, Dannette
3729 Frio Ave.
McAllen, TX 78504

16



MCALLEN HOUSING AUTHORITY
—TEXAS

"Transforming Families Strengthening Communities"

2301 JASMINE AVENUE
MCALLEN, TEXAS 78501

July 2, 2014

Christina Castaneda
Tenant: 15889

Ms. Castaneda:

Enclosed you will find the following documents that you requested today:

a. Notification of Adjustments—this is the only Adjustment made since you ported to McAllen.
b. Initial Inspection 12/30/2013, FAILED, with 'Deficiency' list.
c. Follow-up Inspection 1/2/2014, PASSED.
d. Special Inspection 4/30/2014, requested by Tenant. Failed due to small area on floor in living room and kitchen. No follow-up inspection because Landlord chose not to fix deficiency and opted to release tenant from lease.
e. HAP Contract Term.
f. Final Judgment ruling against tenant.

We have been in communication with Ms. Norma Gaytan, caseworker at Donna Housing Authority, for the purpose of completing your request to port-out to the Donna area.

I trust that the enclosed documents are aligned with your request.

Sincerely,

Virginia Chavez
Executive Director

 

EQUAL HOUSING
OPPORTUNITY

Phone: (956) 686-3951    Fax:(956) 686-3112

May 1, 2014

Dannette Zuniga
3729 Frio Ave.
McAllen TX 78504
956-451-2184

Cristina Castaneda
3709 Frio Ave.
Mcallen TX 78504
956-328-5213

Dear Cristina Castaneda,

This is to request you to vacate the house, 3709 Frio Ave. McAllen TX 78504 in 30 days (May 1-30, 2014).

Due to: Construction Work

Please consider this as my final request. If you fail to vacate the property within a period of 30 days, I will have to begin an eviction proceeding against you.

Sincerely,

Dannette Zuniga


DEFENDANT'S
EXHIBIT
2

# Inspection Form

Housing Choice Voucher Program

**U.S. Department of Housing and Urban Development**

Office of Public and Indian Housing

OMB Approval No. 2577-0169
(exp. 4/30/2014)

Public reporting burden for this collection of information is estimated to average 0.25 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. This agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless that collection displays a valid OMB control number.

**Privacy Act Statement.** The Department of Housing and Urban Development (HUD) is authorized to collect the information required on this form by Section 8 of the U.S. Housing Act of 1937 (42 U.S.C. 1437f). Collection of the name and address of both the family and the owner is mandatory. The information is used to determine if a unit meets the housing quality standards of the section 8 rental assistance program. HUD may disclose this information to Federal, State and local agencies when relevant to civil, criminal, or regulatory investigations and prosecutions. It will not be otherwise disclosed or released outside of HUD, except as permitted or required by law. Failure to provide any of the information may result in delay or rejection of family participation.

Assurances of confidentiality are not provided under this collection.
This collection of information is authorized under Section 8 of the U.S. Housing Act of 1937 (42 U.S.C. 1437f).
The information is used to determine if a unit meets the housing quality standards of the section 8 rental assistance program.

| PHA | Tenant ID Number | Date of Request (mm/dd/yyyy) |
|---|---|---|
| | 15889 | 4/30/2014 |
| Inspector | Date Last Inspection (mm/dd/yyyy) | Date of Inspection (mm/dd/yyyy) |
| ALMA GUERRERO | 12/30/2013 | 4/30/2014 |

| Neighborhood/Census Tract | Type of Inspection |
|---|---|
| | ☐ Initial ☑ Special ☐ Reinspection |

**A. General Information**

Street Address of Inspected Unit

| City | County | State | Zip |
|---|---|---|---|
| MCALLEN | HIDALGO | TX | 78504 |

| Name of Family | Current Telephone of Family |
|---|---|
| CRISTINA CASTANEDA | 956-328-5213 |

Current Street Address of Family
3729 FRIO AVE

| City | County | State | Zip |
|---|---|---|---|
| MCALLEN | HIDALGO | TX | 78504 |

Number of Children in Family Under 6
3

| Name of Owner or Agent Authorized to Lease Unit Inspected | Telephone of Owner or Agent |
|---|---|
| ZUNIGA, DANNETTE | 451-2184 |

Address of Owner or Agent

**Housing Type (check as appropriate)**

☑ Single Family Detached
☐ Duplex or Two Family Row
☐ House or Town House
☐ Low Rise: 3,4 Stories, Including Garden Apartment
☐ High Rise: 5 or More Stories
☐ Manufactured Home
☐ Congregate
☐ Cooperative
☐ Independent Group Residence
☐ Single Room Occupancy
☐ Shared Housing
☐ Other:(Specify)


DEFENDANT'S EXHIBIT
3

19

## 2. Kitchen

For each numbered item, check one box only.

| Item No. Description | Yes, No Pass | Yes, No Fail | Inconclusive | If Fail, what repairs are necessary? If Inconclusive, give details. If Pass with comments, give details. | If Fail or Inconclusive, date (mm/dd/yyyy) of final approval |
|---|---|---|---|---|---|
| **2.1 Kitchen Area Present** Is there a kitchen? | ✓ | | | | |
| **2.2 Electricity** Are there at least one working outlet and one working, permanently installed light fixture? | ✓ | | | | |
| **2.3 Electrical Hazards** Is the kitchen free from electrical hazards? | ✓ | | | | |
| **2.4 Security** Are all windows and doors that are accessible from the outside lockable? | | | | | |
| **2.5 Window Condition** Are all windows free of signs of deterioration or missing or broken out panes? | ✓ | | | | |
| **2.6 Ceiling Condition** Is the ceiling sound and free from hazardous defects? | ✓ | | | | |
| **2.7 Wall Condition** Are the walls sound and free from hazardous defects? | ✓ | | | | |
| **2.8 Floor Condition** Is the floor sound and free from hazardous defects? | | ✓ | | Vynal is torn as entering the kitchen. It seems lifted. | |
| **2.9 Lead-Based Paint** Are all painted surfaces free of deteriorated paint? If no, does deteriorated surfaces exceed two square feet and/or less than 10% of a component? | | | | ☑ Not Applicable | |
| **2.10 Stove or Range with Oven** Is there a working oven, and a stove (or range) with top burners that work? If no oven and stove (or range) are present, is there a microwave oven and, if microwave is owner-supplied, do other tenants have microwaves instead of an oven and stove (or range)? | ✓ ✓ | | | | |
| **2.11 Refrigerator** Is there a refrigerator that works and maintains a temperature low enough so that food does not spoil over a reasonable period of time? | ✓ | | | | |
| **2.12 Sink** Is there a kitchen sink that works with hot and cold running water? | ✓ | | | | |
| **2.13 Space for Storage, Preparation, and Serving of Food** Is there space to store, prepare, and serve food? | ✓ | | | | |

**Additional Comments:** (Give Item Number)(Use an additional page if necessary)

Comments continued on a separate page     Yes ___     No ✓

21

## 4. Supplemental for Other Rooms Used for Living and Halls
For each numbered item, check one box only.

### 4.1 Room Location

Right

Center

1

right/left/center: the room is situated to the right, left, or center of the unit.

front/rear/center: the room is situated to the back, front or center of the unit.

floor level: the floor level on which the room is located.

**Room Code** | 1 |

1 = Bedroom or Any Other Room Used for Sleeping (regardless of type of room)
2 = Dining Room or Dining Area
3 = Second Living Room, Family Room, Den, Playroom, TV Room
4 = Entrance Halls, Corridors, Halls, Staircases
5 = Additional Bathroom (also check presence of sink trap and clogged toilet)
6 = Other:

| Item No. | Description | Yes, No Pass | Yes, No, Fail | Inconclusive | If Fail, what repairs are necessary? If Inconclusive. give details. If Pass with comments, give details. | If Fail or Inconclusive, date of final approval |
|---|---|---|---|---|---|---|
| **4.2** | **Electricity/Illumination** | | | | | |
| | If Room Code is a 1, are there at least two working outlets or one working outlet and one working, permanently installed light fixture? | ✓ | | | | |
| | If Room Code is not a 1, is there a means of illumination? | ✓ | | | | |
| **4.3** | **Electrical Hazards** | | | | | |
| | Is the room free from electrical hazards? | ✓ | | | | |
| **4.4** | **Security** | | | | | |
| | Are all windows and doors that are accessible from the outside lockable? | ✓ | | | | |
| **4.5** | **Window Condition** | | | | | |
| | If Room Code is a 1, is there at least one window? | ✓ | | | | |
| | And, regardless of Room Code, are all windows free of signs of severe deterioration or missing or broken-out panes? | ✓ | | | | |
| **4.6** | **Ceiling Condition** | | | | | |
| | Is the ceiling sound and free from hazardous defects? | | ✓ | | As you walk n to the right top of seeling needs fresh coat of paint and repair corner sealing Sealing is not exposed | |
| **4.7** | **Wall Condition** | | | | | |
| | Are the walls sound and free from hazardous defects? | ✓ | | | | |
| **4.8** | **Floor Condition** | | | | | |
| | Is the floor sound and free from hazardous defects? | ✓ | | | | |
| **4.9** | **Lead-Based Paint** | | | | | |
| | Are all painted surfaces free of deteriorated paint? | | | | | |
| | If no, does deteriorated surfaces exceed two square feet and/or more than 10% of a component? | ☐ | ☐ | | ✓ Not Applicable | |
| **4.10** | **Smoke Detectors** | | | | | |
| | Is there a working smoke detector on each level? | ☑ | ☐ | | | |
| | Do the smoke detectors meet the requirements of NFPA 74? | ✓ | | | | |
| | In units occupied by the hearing impaired, is there an alarm system connected to the smoke detector? | ✓ | | | | |

**Additional Comments:** (Give Item Number)(Use an additional page if necessary)

Comments continued on a separate page    Yes ☐    No ☑

2D

CL-14-2814-B

**DANNETTE ZUNIGA**
**VS**
**CRISTINA CASTANEDA**

## ORDER DENYING
## DEFENDANT'S MOTION FOR A NEW TRIAL

On November 17, 2014, the court considered the Defendant's Motion for a New Trial.

IT IS THEREFORE ORDERED that Defendant's **Motion for New Trial** be **DENIED** based on the findings herein and in the interest of justice.

SIGNED ON: _Nov 25th zip_

_____
PRESIDING JUDGE

CC:
✔**CRISTINA CASTANEDA**, pro se
1405 Grouse Ave.
Donna, Texas 78537


**DANNETTE ZUNIGA**, pro se
3729 Frio Ave.
McAllen, TX 78504

22

CL-14-2814-B

Dannette Zuniga

VS.

Cristina Castaneda

AT __3:12__ FILED O'CLOCK ____ M

SEP 05 2014

ARTURO GUAJARDO JR. COUNTY CLERK
BY ____ OF HIDALGO CC.
DEPUTY

IN THE COUNTY COURT AT LAW NO.

COUNTY COURT AT LAW #2

HIDALGO COUNTY, TEXAS

## ORDER OF EVICTION

**It is by order that** Cristina Castaneda and any and all occupants vacate the property: 3709 Frio Ave. McAllen, TX 78504 on Saturday September 6, 2014. Tenant Cristina Castaneda owe 3 months of rent, June-August a total of $1250.00.

**SIGNED** this ___5___ day of ___Sept___, 20_14_

_____
JUDGE PRESIDING

CC: CRISTINA CASTANEDA
    3709 FRIO AVE.
    McALLEN, TX 78504

23

 **McAllen Housing Authority**
*"Transforming Families, Strengthening Communities"*

2301 Jasmine Avenue
McAllen, Texas 78501

June 17, 2014

Cristina Castañeda

3709 Frio Ave

McAllen, TX 78504

Mrs. Castaneda,

I am sending you this letter in reference to the rent payment for the unit in which you live. At this time the McAllen Housing Authority will be making rental payment for the month of June/2014 for the unit located at 3709 Frio Ave McAllen TX 78504. This is to also notify you that your utility payment will be made for the month of June/2014. If you have any further questions or concerns we ask that you please request it in writing.

Thank You

Alma Guerrero

Section 8 Case Worker



PHONE NO. (956) 686-3951 FAX (956) 686-3112




DEFENDANT'S
EXHIBIT
5

24



**McAllen Housing Authority**

*"Transforming Families, Strengthening Communities"*

2301 Jasmine Avenue
McAllen, Texas 78501

Cristina Castañeda

3709 Frio Ave

McAllen, TX 78504

June 19, 2014

Mrs. Castaneda,

I am sending you this letter in reference to the monthly rent payment made towards the unit located on 3709 Frio Ave McAllen Texas. It is the decision of The McAllen Housing Authority to not make payment for the month of June/2014. This decision is based on the outcome of your court hearing on 6/18/2014. If you are in the process of an appeal our decision is to continue to stop payment until we obtain the outcome of your next hearing. If you have any further concerns please request this in writing.

Thank You,

Alma Guerrero

Section 8 Case Worker



PHONE NO (956) 686-3951 FAX (956) 686-3112





DEFENDANT'S EXHIBIT 6

25

Respectfully Submitted,

CRISTINA CASTANEDA, pro se

1405 Grouse Ave.

Donna, Texas 78537

9565347942

ccastaneda0227@gmail.com

SUBSCRIBED AND SWORN TO BEFORE me on August 21, 2015



NOTARY PUBLIC for the State of Texas

ALYSSA JANELLE GONZALEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 01-27-2016

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appellant brief has been mailed to Dannette Zuniga, 3729 Frio Ave. McAllen, Texas

78504 via U.S. mail this 21st of August

CRISTINA CASTANEDA, pro se

Cristina Castaneda

1105 Grease Ave

Donna, TX 78537



U.S. POSTAGE
PAID
WESLACO, TX
78596
AUG 21, 15
AMOUNT
$1.86
0010166 0-92

UNITED STATES
POSTAL SERVICE.
1000
78539

AUG 2 1 2015

USPS 78596-9998

RECEIVED

AUG 2 4 2015

13TH COURT OF APPEALS

first class

13th Court of Appeals Administration Bldg.
5th floor
100 E. Cano
Edinburg, TX 78539